UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PETER MATTHEOS,

                Plaintiff,           **REPORT AND**
                                          **RECOMMENDATION**
       -against-            20-CV-2356 (SJF)(SIL)

JLG INDUSTRIES, INC. and RLM
INDUSTRIES, INC.,

                Defendants.
--------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Sandra J. Feuerstein for Report and Recommendation, in this diversity-personal injury-products liability action removed from New York State court, is Defendant RLM Industries, Inc.'s ("RLM") motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *See* DE [21]. Both co-Defendant JLG Industries, Inc. ("JLG") and Plaintiff Peter Mattheos ("Plaintiff" or "Mattheos") oppose the motion. *See* DE [21-1, 21-2]. For the reasons set forth below, the Court recommends that the motion be DENIED.

**I.    BACKGROUND**

Plaintiff is a resident of Suffolk County New York. *See* DE [1-2] ("Complaint") ¶ 1. Defendant JLG is a Pennsylvania corporation with its principal place of business in McConnellsburg, Pennsylvania. *See* DE [1] (Notice of Removal) ¶ 10. RLM is a Michigan corporation with its principal place of business in Oakland County, Michigan. Complaint ¶ 15, DE [21-1] at 3.

1

According to Plaintiff, he was injured at work on March 19, 2019 while operating a "JLG 660SJ boom lift" at an equipment facility operated by his employer, non-party Sunbelt Rentals, Inc. ("Sunbelt") in Islip, New York. *See* Complaint ¶¶ 35-36, 38, 51-52; [21-2] ¶ 8. Sunbelt is an equipment rental company with several facilities across Long Island and downstate New York. *See* DE [21-1] at 3; *see also* Complaint ¶¶ 23-25, 35 (alleging accident occurred in Islip, New York on Long Island). It appears from JLG's pleadings, and RLM does not dispute in its reply, that the boom lift at issue in Plaintiff's accident included certain "jib links" that JLG purchased from RLM. *See* DE [1-6] (Verified Answer, Affirmative Defenses and Crossclaim ¶ 81 ("Verified Crossclaim"); DE [21-1] at 3; [21-3] (RLM does not deny that it provided the components at issue).

Of particular relevance to the motion, the Complaint alleges that RLM "regularly does or solicits business in the State of New York," Complaint ¶ 17, and according to JLG, RLM knew that its jib links were used by Sunbelt with locations in New York because JLG had RLM paint the links "Sunbelt Green" before shipping them so that Sunbelt could have the boom lift in its preferred color. *See* DE [21-1], Exhibits ("Exs.") A (example of RLM invoice), B (example of purchase order), C (order for jib-link in Sunbelt Green). Moreover, RLM maintains an interactive website, allowing the company to interact with the public to provide quotes, schedule meetings and use an online product store, stating that it is a supplier "to the largest crane company in the world." *See id*. Exs. D-F.

Based on these facts, RLM moves to dismiss Plaintiff's claims as to it, arguing that the Court lacks personal jurisdiction over the company. For the reasons set forth below, the Court recommends that the motion be denied.

## II.  DISCUSSION

### A. Motions to Dismiss for Lack of Personal Jurisdiction

To defeat a Fed. R. Civ. P. 12(b)(2) motion to dismiss, the plaintiff has the burden of establishing personal jurisdiction over the defendant it seeks to hold liable. *Penguin Grp. (USA) Inc. v. Am Buddha*, 609 F.3d 30, 34 (2d Cir. 2010); *Marcus v. Archer*, 19-CV-7099, 2020 WL 4937353, *2 (S.D.N.Y. Aug. 24, 2020). When deciding the issue on the pleadings, in the absence of an evidentiary hearing, the plaintiff only needs to make a *prima facie* showing of jurisdiction. *Schultz v. Safra Nat'l Bank of N.Y.*, 377 F. App'x 101, 102 (2d Cir. 2010); *Marcus*, 2020 WL 4937353, at *2. In diversity cases, the Court looks to the jurisdiction of the state in which it sits—here, New York. *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2010); *Marcus*, 2020 WL 4937353, at *2; *see also Bissonette v. Podlaski*, 138 F. Supp. 3d 616 (S.D.N.Y. 2015) (applying New York law in diversity context); *McGlone v. Thermotex, Inc.*, 740 F. Supp. 2d 381, 383 (E.D.N.Y. 2010) (same).

There are two types of jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27, 134 S. Ct. 746, 754 (2014). While general jurisdiction renders a defendant subject to suit on all claims, specific jurisdiction, which is what Mattheos invokes here, requires that the jurisdiction asserted be related to the conduct at issue in the forum court. *Marcus*, 2020 WL

4937353, at *2; *Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, 14-CV-1568, 2015 WL 5091170, * 2 (S.D.N.Y. Aug. 28, 2015).

Specifically, Plaintiff relies on New York's long arm statute, CPLR 302(a)(3)(ii), which provides for personal jurisdiction where a defendant commits a tortious act outside the State that causes injury in New York and that party "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y.C.P.L.R. § 302(a)(3)(ii). According to the New York Court of Appeals, five requirements must be satisfied to apply CPLR 302(a)(3)(ii):  (1) the defendant must have committed a tortious act outside of New York; (2) the cause of action at issue must have arisen as a result of this act; (3) this act must have caused an injury to a person or property in New York; (4) the defendant expected or should have reasonably expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from either interstate or international commerce. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302, 921 N.Y.S.2d 171, 174 (2011); *Zanotti v Invention Submission Corp.*, 18-cv-5893, 2020 WL 2857304, *14 (S.D.N.Y. Jun. 2, 2020); *Hein v. Cuprum*, S.A., DE CV, 136 F. Supp. 2d 63, 67 (N.D.N.Y. 2001) (outlining factors); *see Marcus*, 2020 WL 4937353, at *2 (summarizing similar elements in four categories).

With respect to the fourth element, which is relevant here, the test for what a defendant expects, or should reasonably expect with respect to the consequences of its actions, in an objective one. *Zanotti*, 2020 WL 2857304 at *15; *Bissonnette*, 138 F.

4

Supp. 3d at 626.  Moreover, "mere forseeability" of an in-state consequence combined with a failure to avert that consequence is insufficient to establish personal jurisdiction under CPLR 302(a)(3)(ii).  *Zanotti*, 2020 WL 2857304, at \*15 (citation omitted); *Bissonnette*, 138 F. Supp. 3d at 626 (citation omitted).  Rather, because the New York courts have intentionally avoided encroaching on federal due process limitations, foreseeability must be "coupled with evidence" of a purposeful affiliation with New York such as a discernible effort, whether direct or indirect, to serve the New York market such that a defendant may reasonably anticipate being brought to court here.  *Zanotti*, 2020 WL 2857304, at \*15; *Bissonnette*, 138 F. Supp. 3d at 626; *but see Zanotti*, 2020 WL 2857304, n.8 (recognizing that there exists a question as to whether the foreseeability element of CPLR 302(a)(3)(ii) requires a showing of purposeful availment).

As alluded to above, the limitations on personal jurisdiction under the New York long arm statute are more rigorous than any constitutional requirement. *Zanotti*, 2020 WL 2857304, at \*14.  As a result, while courts in diversity cases will generally conduct a two-part analysis, considering first whether a defendant is amenable to service of process under the forum-state's laws, and second whether jurisdiction under those laws comports with constitutional due process requirements, because section 302 is more narrowly tailored than the due process clause, no due process analysis is necessary.  *Bissonnette*, 138 F. Supp. 3d at 622 (citing *Penguin Grp.*, 609 F.3d at 35).

5

In the posture presently before the Court, namely on a motion to dismiss without the aid of discovery, the plaintiff need only plead sufficient facts that, if credited, would suffice to establish jurisdiction. *Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, 18-CV-2486, 2018 WL 10550777, *2 (E.D.N.Y. Dec. 22, 2018). Further, on a Rule 12(b)(2) motion attacking personal jurisdiction, the Court may consider materials outside the pleadings. *Id.* at *3 (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013)). The Court must treat the pleadings and supporting materials in the light most favorable to the plaintiff. *Id.* (citing *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)).

### B. Personal Jurisdiction Over RLM

Applying these standards, the Court finds that Plaintiff and JLG have established a *prima facie* showing of personal jurisdiction sufficient to defeat RLM's motion. Reviewing the elements above, there is no dispute that RLM's alleged tortious conduct, namely the negligent manufacturing of the jib link, occurred outside of New York, given that its sole place of operations is in Michigan, or that Plaintiff's injury occurred in New York, and the causes of action alleged in the complaint arise from RLM's out-of-state conduct. DE [21] (Client Affidavit ¶ 2); Complaint.

Further, Mattheos and JLG have submitted sufficient evidence in opposition that RLM's conduct with respect to supplying the jib link is such that it has sufficiently availed itself of the New York market that being hailed into court here is reasonably foreseeable. JLG purchased hundreds of jib links from RLM, including jib links to be painted "Sunbelt Green," demonstrating that those jib links would be

6

supplied to Sunbelt, Plaintiff's employer, which has a substantial presence in New York. *See* DE [21-1] Exs. A-C.[1]

Finally, the Court readily concludes that RLM derives substantial income from interstate commerce. As JLG argues, and RLM does not deny, RLM—in Michigan—has provided JLG—in Pennsylvania—with hundreds of jib links. *See* Verified Crossclaims ¶ 83. Assuming the purchase orders from JLG to RLM, provided in opposition to the motion, to be representative, each transaction involved thousands of dollars, the totality of which establishes substantial income to RLM from interstate commerce. See DE [21-1], Ex. A.

Accordingly, all of the factors necessary for a finding of personal jurisdiction are satisfied, and RLM's motion should be denied.[2]

## III.   CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Defendant RLM's motion to dismiss for lack of personal jurisdiction be denied.

## IV.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the

---

[1] In this regard, rather than dispute the merits of these facts supporting a finding of personal jurisdiction, RLM simply labels them "speculative." *See* DE [21-3] at 4. The Court disagrees. These facts support a *prima facie* finding of personal jurisdiction.

[2] In reaching this conclusion, the Court notes that at the end of its moving papers, RLM states that venue is also improper with no analysis or argument of any kind. *See* DE [21] at 12 (applying ECF page numbers because RLM's motion papers are not numbered). Without further argument, the Court is unable to discern the basis for RLM's argument and declines to invent one.

7

right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         November 16, 2020

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge
