UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PETER MATTHEOS,**<br><br>        Plaintiff,<br><br>   v.<br><br>**JLG INDUSTRIES, INC. and RLM INDUSTRIES, INC.,**<br><br>        Defendants. | Case No. 20–cv-2356 (SJF–SIL)<br><br>OPINION AND ORDER |

**FEUERSTEIN**, U.S.D.J.,

      Plaintiff Peter Mattheos ("Plaintiff") commenced this products liability action against JLG Industries, Inc. ("JLG") and RLM Industries, Inc. ("RML") (together, "Defendants") in the Supreme Court of New York on March 6, 2020. (Docket Entry ("DE") 1-2.) On May 27, 2020, Defendants removed this action pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction. On November 16, 2020, RLM filed a motion to dismiss ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction. (DE 21.) Plaintiff and JLG oppose the Motion. (DE 21-2; DE 21-1.) Pending before the Court are RLM's objections to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated January 13, 2021 (the "Report"), recommending *inter alia* that the Court deny RLM's Motion for lack of personal jurisdiction. (DE 37.) RLM objects on the grounds that it did not purposefully avail itself of jurisdiction in New York. For the reasons set forth below, the Report is adopted in its entirety.

## I. FACTUAL BACKGROUND

Plaintiff alleges that on March 19, 2019 he was injured using an "Engine Powered Boom Lift" ("Lift") while working for his employer, Sunbelt Rentals, Inc. ("Sunbelt"). (DE 1-2 at ¶¶21, 23, 35-36.) Plaintiff further alleges that RLM, a Michigan corporation with its principal place of business in Michigan, is in the busines of selling, manufacturing, and distributing lift equipment and/or lift machinery across the country and specifically in New York. (DE 1-2 at ¶¶ 13-15, 17.) JLG, a New York company with its principal place of business in Pennsylvania, is a client of RLM. (DE 1 at ¶ 10.) Plaintiff alleges that RLM has a history of selling thousands of dollars' worth of equipment and parts to JLG, who then sells lifts and other machinery to Sunbelt. (DE 21-1 at 14.) JLG ordered jib links ("Jib Links") from RLM for Sunbelt, which were painted in a distinct "Sunbelt Green" color. (DE 21-1 at 14.) The Jib Links were delivered to JLG and later supplied to Sunbelt in New York. (DE 21-1 at 14.) Plaintiff alleges, and RLM does not dispute, that RLM sold JLG the Jib Links used in the Lift, which allegedly failed and caused Plaintiff's injuries in New York.

## II. STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties may also serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court,

however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Schoolfield v. Dep't of Corr.*, No. 91-cv-691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which the complaint was grounded, are conclusory and do not form specific basis for not adopting a report and recommendation).

General objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review[.]" *Owusu v. N.Y.S. Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Id*; *see also Trivedi v. N.Y.S. Unified Ct Sys. Office of Ct Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Ct Admin.*, 582 F. App'x 47 (2d Cir. 2014).

### III. LEGAL ANALYSIS

New York courts "may not exercise personal jurisdiction over a non-domiciliary unless two requirements are satisfied: [1] the action is permissible under the long-arm statute [codified in CPLR 302] and [2] the exercise of jurisdiction comports with due process." *Williams v. Beemiller, Inc.*, 33 N.Y.3d 523, 528 (N.Y. 2019). New York's long-arm statute CPLR § 302(a)(3)(ii) provides that "a court may exercise personal jurisdiction over any non-domiciliary who . . . 3. [c]ommits a

3

tortious act without the state causing injury to person or property within the state . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." "The Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant. The canonical decision in this area remains *International Shoe Co. v. Wash.*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)[,]" in which the Supreme Court held that a defendant must have sufficient contacts with the forum state for personal jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, No. 19-cv-368, 2021 WL 1132515, at *4 (Mar. 25, 2021).

To establish personal jurisdiction over an out-of-state-defendant like RLM, this Court must find that it possesses either specific or general jurisdiction over RLM.[1] Specific jurisdiction requires that the defendant take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "The foreseeability that is critical to [a] due process analysis is not the mere likelihood that a product will find its way into the forum state[,]" but rather, that the Defendant should have foreseen that it's actions could lead to it being sued in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Asahi Metal Ind. v. Superior Ct. of C.A.*, Solano County, 480 U.S. 102 (1987). Said differently, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.*, 2021 WL 1132515 at *4 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of C.A, S.F.*, 137 S. Ct. 1773, 1780 (2017) (internal quotations omitted)).

---

[1] The parties assert that general jurisdiction does not exist and this Court agrees.

4

Nevertheless, "[a]bsent a full-blown evidentiary hearing", at this stage a plaintiff "need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *DeLorenzo v. Ricketts & Assocs., Ltd.*, No. 15-cv-2506, 2017 WL 4277177, at *5 (S.D.N.Y. Sept. 25, 2017) (internal quotations omitted). A prima facie case requires that the Plaintiff's claims arise out of, or relate to, Defendants' contacts with the forum. *See Sabol v. Bayer Healthcare Pharm., Inc.*, 439 F. Supp. 3d 131, 143 (S.D.N.Y. 2020) (citing *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673-74 (2d Cir. 2013)). Courts "may consider materials outside the pleadings, including affidavits and other written materials" to determine if personal jurisdiction exists. *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).

### A.   The Report Correctly Concluded That Plaintiff Established A Prima Facie Showing Of Personal Jurisdiction Over RLM.

The Court reviews the Report *de novo*. This Court must first consider whether Plaintiff made a prima facie showing of personal jurisdiction pursuant to CPLR 302(a)(3)(ii). Plaintiff alleges that he was injured while operating the Lift, which contained parts negligently manufactured by RLM, thereby resulting in a tort in New York. The RLM parts were manufactured outside of New York. Plaintiff alleges that JPL, a New York company, purchased hundreds of Jib Links from RLM. Some of the Jib Links were painted "Sunbelt Green" and were intended for Sunbelt, Plaintiff's employer. Sunbelt "is a large equipment rental company with several facilities located across Long Island and the Downstate region within the State of New York." (DE 21-2 at 2.) RLM sold JLG thousands of parts over the years amounting to over "400 jib link purchase orders for JLG[.]" (DE 21-2 at 54.) These facts, coupled with the documentary proof supplied of the purchase

5

order between RLM and JLG, suffice to establish a prima facie showing of jurisdiction under CPLR 302(a)(3)(ii).

The Court next considers whether RLM purposefully availed itself of personal jurisdiction in New York.  Plaintiff alleges, and JLG confirmed, that RLM solicits business in New York and that RLM was aware that at least some of its Jib Links painted in "Sunbelt Green" were purchased for JLG's New York-based client, Sunbelt.  These facts narrowly establish a prima facie showing of personal jurisdiction.

Still, the Court struggles to find evidence of RLM's direct contacts with New York.  For example, it is unclear how JLG became RLM's client or if RLM ever provided products directly to Sunbelt in New York.  To establish personal jurisdiction over RLM beyond a prima facie showing, Plaintiff will have to show that RLM did more than just sell products to JLG that resulted in a tort in New York.  Indeed, both parties recognize that foreseeability alone is insufficient to establish personal jurisdiction.  The parties are directed to engage in jurisdictional discovery to determine what if any contacts RLM has with New York.[2]

Having found that Plaintiff has established a prima facie showing of personal jurisdiction over RLM, the Report of United States Magistrate Judge Steven I. Locke dated January 13, 2021, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety.

---

[2] The Report correctly concluded that RLM abandoned any argument as to improper venue by failing to provide arguments or support for such a position.

**Accordingly, it is** on this **30th day** of **March, 2021**:

**ORDERED** that the Report is adopted it its entirety and Defendant's objections to the Report are OVERRULED;

**ORDERED** that the Motion is **DENIED**;

**ORDERED** that the parties are directed to engage in jurisdictional discovery as to RLM's contacts to New York.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Sandra J. Feuerstein*
　　　　　　　　　　　　　　　　　　　　　　　**Sandra J. Feuerstein**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**